## 10541

### TROTTI v. NEAMS.

#### (105 S. E. 444.)

1. BROKERS—ANSWER TO SUIT ON COMMISSION NOTE DENYING AGENCY HELD INSUFFICIENT BECAUSE SHOWING RATIFICATION.—In an action on a promissory note, an answer which alleged that the note was given to pay plaintiff's commission for the sale of land to defendant, and that after defendant acquired the land he learned that plaintiff was not authorized by the vendor to represent her in making the sale, is insufficient to show want of consideration, since the sale to defendant by the vendor ratified plaintiff's acts, if they were unauthorized.

2. APPEAL AND ERROR—APPELLANT MUST SHOW ABUSE OF DISCRETION IN DENYING AMENDMENT.—To secure reversal of the judgment for denial of leave to amend the answer, appellant must satisfy the Court that the trial Judge erroneously exercised his discretion.

Before SHIPP, J., Lexington, November term, 1919. Affirmed.

Action by L. S. Trotti against J. E. Neams. From an order sustaining a demurrer to the answer and giving judgment for the plaintiff, the defendant appeals.

The Complaint: The plaintiff, complaining of the defendant, alleges:

1. That both plaintiff and defendant are residents of the county of Lexington, State of South Carolina.

2. That heretofore on the 3d of November, 1917, the defendant, J. E. Neams, executed and delivered to plaintiff his promissory note, whereby he promised to pay to the order of plaintiff the sum of four hundred dollars, ten months after date, together with interest thereon from date at seven per cent. per annum and ten per cent. of the amount due as attorney's fee in the event the same was not paid when due.

3. That said promissory note was due and payable to plaintiff on September 3, 1918, said date being ten months after date of same, but no part of the same has been paid,

although payment has been demanded, and there is now due and owing to plaintiff by defendant the principal sum of four hundred dollars together with interest thereon at seven per cent. from November 3, 1917, to date, and ten per cent. of the amount due as attorney's fee for plaintiff's attorney.

Wherefore, plaintiff demands judgment against the defendant in the sum of four hundred dollars together with interest to date from November 3, 1917, at seven per cent., and ten per cent. on the amount due as attorney's fee, and for such other relief as may be necessary and proper. Wm. W. Hawes, Plaintiff's Attorney. November 7, 1918.

State of South Carolina, County of Lexington. Personally comes L. S. Trotti, plaintiff, who, on oath, says that the allegations in the foregoing complaint are true of his own knowledge. L. S. Trotti. Sworn to this 7th of November, 1918. J. C. Lybrand (L. S.), Notary Public for South Carolina.

The Answer: The defendant, J. E. Neams, answering the complaint herein, says:

1. That he admits the allegations in paragraph one of the complaint.

2. That he denies each and every allegation in paragraphs two and three of the complaint, except as hereinafter specifically admitted.

3. Further answering the complaint this defendant says that some time during the year 1917 the plaintiff represented to him that he was the agent of Mrs. Martin and her children, and authorized by them to sell a certain tract of land near Cayce, which they owned. Relying upon this information as true this defendant took up the purchase of the said tract of land from the plaintiff and completed the transaction, taking a deed from the Martins and paying the purchase price of the property. Not having the funds on hand to pay the commissions of the agent as this defendant thought for selling the said property and being charged by

the said plaintiff ten per cent. on four thousand dollars, the purchase price, he executed and delivered to him his note for the sum of four hundred ($400) dollars, which he supposes is the note referred to in the complaint. No part of the said note has been paid for the reason that soon after the execution of the said note he was informed by the Martins that the plaintiff did not represent them as their agent in the sale of the said property and had no right or authority so to do and had no right or authority to collect from this defendant any sum whatever as commissions for the sale of the property as the agent of the Martins; and the said note was executed and delivered to the plaintiff for the reason that this defendant believed the representations of the said plaintiff that he was the agent of the Martins and was authorized by them to make the sale of the said property.

Wherefore, this defendant asked that he be hence dismissed with judgment against the plaintiff for his costs and disbursements herein. Efird & Jones, Attorneys for the Defendant. December 6, 1918.

State of South Carolina, County of Lexington. Personally comes J. E. Neams, who says, on oath, that he has carefully read the foregoing answer and that the allegations made therein are true to the best of his knowledge, information and belief. J. E. Neams. Sworn to before me this the 7th day of December, 1918. J. D. Carroll (L. S.), Notary Public for South Carolina.

Demurrer: To Messrs. Efird & Carroll, Attorneys for Defendant, J. E. Neams:

Please take notice that at the call of the above entitled cause, plaintiff's attorney will demur to defendant's verified answer on the ground that the same does not state facts or allegations constituting a defense to plaintiff's cause of action, for the following reasons:

(a) The facts alleged in said answer show that the defendant received full consideration for the note given to

plaintiff; that plaintiff performed all the service that could be rendered in the capacity of an agent in bringing about the real estate transaction which was fully consummated to defendant's satisfaction, and it is a matter immaterial to defendant as to plaintiff's status as agent.

(b) The allegations of the answer show that defendant received the services of plaintiff and recognized liability for such services in the execution of his note and the question of plaintiff's agency is immaterial, but if it were material, such agency concerns only plaintiff and the alleged principal, Mrs. Martin, and defendant does not allege any harm or failure of consideration.

(c) Defendant alleges facts showing that plaintiff performed full and complete service for defendant and for plaintiff's alleged principal, Mrs. Martin, which services both accepted and acquiesced in, and they are estopped to deny plaintiff's right to compensation for such services. Wm. W. Hawes, Plaintiff's Attorney.

I certify that the foregoing demurrer is not intended for delay, and that the same is, in my opinion, meritorious. Wm. W. Hawes, Plaintiff's Attorney.

Order Sustaining Demurrer: This cause comes before me on a demurrer interposed by plaintiff to defendant's answer, and, after hearing from counsel for both plaintiff and defendant,

It is ordered that the demurrer be sustained on the ground that the plantiff's acts as an agent were ratified by his alleged principal, Mrs. Martin, as shown by the allegations set forth in defendant's verified answer; and,

It is further ordered, that plaintiff have judgment against the defendant, J. E. Neams, in the sum of five hundred and three dollars and fifty-eight cents and costs, the same being the amount of the note upon which the action was brought together with seven per cent. interest and ten per cent. of the

amount due as attorney's fee in the said note.   S. W. G. Shipp, Presiding Judge.   November 28, 1919.

*Messrs. Efird & Carroll,* for appellant.   No citations.

*Mr. W. W. Hawes,* for respondent, cites: *Notice of intention to appeal was too late:* 77 S. C. 156.   *Exception too general:* 100 S. C. 45.   *Allegation of fraud without charging injury is not sufficient:* 78 S. C. 482.   *Where principal ratifies act of agent, third party cannot complain:* 31 Cyc. 1290.   *After ratification, parties stand in same relation as if authority had been previously granted:* 31 Cyc. 1283.   *No liability on agent acting without authority where ratification places third person in no worse position than he would have occupied had the agent acted under prior authority:* 31 Cyc. 1285.   *And such agent is entitled to compensation:* 31 Cyc. 1488.   *Effect of sale by unauthorized agent, afterwards confirmed* · 37 S. C. L. (3 Rich.) 216.

December 20, 1920.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

For the reason assigned by his Honor, the Circuit Judge, in sustaining the demurrer, and the appellant having failed to satisfy this Court that he erroneously exercised his discretion in refusing to allow the defendant to amend his answer, the judgment of the Circuit Court is affirmed.

Messrs. Justices Hydrick, Watts and Fraser concur.

Mr. Justice Gage did not take part on account of sickness.